IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CHARLES R. CLAWSON, SR., )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>COMMISSIONER OF SOCIAL SECURITY, )<br>)<br>Defendant. ) | Civil Action No. 06-923 |

O R D E R

AND NOW, this 17th day of September, 2007, upon consideration of the parties' cross-motions for summary judgment, the Court, upon review of the Commissioner of Social Security's final decision, denying plaintiff's claim for disability insurance benefits under Subchapter II of the Social Security Act, 42 U.S.C. §401, et seq., and denying plaintiff's claim for supplemental security income benefits under Subchapter XVI of the Social Security Act, 42 U.S.C. §1381, et seq., finds that the Commissioner's findings are supported by substantial evidence and, accordingly, affirms. See 42 U.S.C. §405(g); Jesurum v. Secretary of U.S. Department of Health & Human Services, 48 F.3d 114, 117 (3d Cir. 1995); Williams v. Sullivan, 970 F.2d 1178, 1182 (3d Cir. 1992), cert. denied sub nom., 507 U.S. 924 (1993); Brown v. Bowen, 845 F.2d 1211, 1213 (3d Cir. 1988). See also Berry v. Sullivan, 738 F. Supp. 942, 944 (W.D. Pa. 1990) (if supported by substantial evidence, the Commissioner's decision must be affirmed, as a federal court may

neither reweigh the evidence, nor reverse, merely because it would have decided the claim differently) (citing Cotter v. Harris, 642 F.2d 700, 705 (3d Cir. 1981)).[1]

---

[1] To the extent that Plaintiff argues that this case should be remanded on the basis of new evidence, the Court disagrees, and finds a remand unwarranted in this case. Plaintiff attaches to his Complaint (Doc. No. 3), Motion for Summary Judgment (Doc. No. 8), and Reply Brief (Doc. No. 11), additional documents not considered by the Administrative Law Judge ("ALJ") in issuing his March 31, 2006 opinion. It is unclear which, if any, of these documents were submitted to the Appeals Counsel, but, in any event, the Appeals Counsel denied review.

Ordinarily, evidence that was not before the ALJ cannot be considered by a district court in its determination of whether or not the ALJ's decision was supported by substantial evidence. Matthews v. Apfel, 239 F.3d 589, 594 (3d Cir. 2001). However, the district court can remand a case on the basis of new evidence under sentence six of 42 U.S.C. § 405(g). Section 405(g) provides, in relevant part:

> [The court] may at any time order additional evidence to be taken before the Commissioner of Social Security, but only upon a showing that there is new evidence which is material and that there is good cause for failure to incorporate such evidence into the record in a prior proceeding.

Therefore, to remand a case based on new evidence which has not been presented to the ALJ, the Court must determine that the following criteria have been met: First, the evidence must be new and not merely cumulative of what is in the record. Second, the evidence must be material. This means that it must be relevant and probative and there must be a reasonable possibility that the new evidence would have changed the outcome of the determination. Third, the plaintiff must demonstrate good cause for not having incorporated the new evidence into the administrative record. See Matthews, 239 F.3d at 594; Szubak v. Secretary of Health & Human Services, 745 F.2d 831, 833 (3d Cir. 1984). Plaintiff has failed to meet this burden.

Some of the material presented by Plaintiff, particularly the December 4, 2004 report from Latrobe Area Hospital attached to his Motion for Summary Judgment, is merely cumulative of the material contained in Exhibit 10F, especially the information on page 241 of the record. The rest is immaterial. Much of the material presented by Plaintiff, including the June 12, 2006 report from Dr. Doyle and all of the material attached to his Reply Brief, relates to a time period after that addressed at the hearing and is, therefore, immaterial to the ALJ's decision. See Wilson v. Halter, No. Civ. A 00-468, 2001 WL 410542, at *4 (E.D. Pa. Apr. 18, 2001); Szubak, 745 F.2d at 833. Moreover, there is nothing in the record to suggest that there is a reasonable possibility that this material would have changed the outcome of the ALJ's determination. The rest of the material, including primarily correspondence between Plaintiff and his former counsel and documents relating to his appeal, is patently immaterial.

(continued...)

Therefore, IT IS HEREBY ORDERED that plaintiff's Motion for Summary Judgment (document No. 8) is DENIED and defendant's Motion for Summary Judgment (document No. 9) is GRANTED.

<u>s/Alan N. Bloch</u><br>
United States District Judge

cc:   Charles R. Clawson, Sr.
      P.O. Box 245
      Black Lick, PA 15716

ecf:  Counsel of record

---

[1](...continued)
Accordingly, a new evidence remand is not warranted in this case.